```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARLON JAY BARTLETT,**

                      **Petitioner,**

        v.                                          **CASE NO. 05-3346-SAC**

**KANSAS PAROLE BOARD, et al.,**

                        **Respondents.**

**O R D E R**

Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se on a civil complaint in which he challenges the validity of a Kansas detainer on an outstanding parole violation warrant, and seeks dismissal of the detainer or an immediate hearing before the Kansas Parole Board on the outstanding warrant.  Petitioner also seeks leave to proceed in forma pauperis under 28 U.S.C. 1915.

Although petitioner initiated this action on a form complaint for filing under 42 U.S.C. 1983, the court liberally construes the pro se pleading as seeking habeas corpus relief under 28 U.S.C. 2241.  See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(pro se prisoner pleadings are to be liberally construed). Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis in this habeas action.

The Kansas Parole Board released petitioner on parole in May 1998.  Petitioner now challenges the validity of a parole violation warrant lodged as a detainer against petitioner in

December 2002 while petitioner was confined in Arkansas.

Exhaustion of available remedies is generally required to seek relief under 28 U.S.C. 2241. <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir. 1986). Although petitioner documents demands he filed to the Kansas Parole Board and to the Interstate Compact Director for the Kansas Department of Corrections, there is nothing to indicate petitioner has yet pursued relief in the state courts. *See* K.S.A. 60-1501 (state habeas corpus petition to be filed in district court where movant is restrained). *See also* <u>Beard v. Maynard</u>, 223 Kan. 631 (1978)(involving 1501 challenge to parole violation warrant). The court thus directs petitioner to show cause why this action should not be dismissed without prejudice to allow petitioner to fully exhaust available state court remedies. The failure to file a timely response may result in the dismissal of this action without prejudice and without further prior notice to petitioner.

Petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice. Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. *See* <u>Long v. Shillinger</u>, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel). *See also* <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987)(no constitutional right to appointment of counsel in federal habeas corpus proceedings).

IT IS THEREFORE ORDERED that the complaint is liberally

2

construed as a petition for writ of habeas corpus filed under 28 U.S.C. 2241, and that petitioner is granted leave to proceed in forma pauperis in this habeas action.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice, and that petitioner is granted twenty (20) days from the date of this order to show cause why the petition should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 1st day of September 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge