IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARLON JAY BARTLETT,

                    Plaintiff,

          v.                              CASE NO. 05-3346-SAC

KANSAS PAROLE BOARD, et al.,

                    Defendants.


O R D E R

     Plaintiff, a prisoner in the custody of the Bureau of Prisons,
proceeds pro se and in forma pauperis on form complaint under 42
U.S.C. § 1983 challenging an outstanding parole violation warrant
lodged as detainer by the State of Kansas.  By an order dated
September 1, 2005, the court liberally construed the action as
seeking habeas corpus relief under 28 U.S.C. § 2241, and directed
plaintiff to show cause why the action should not be dismissed
without prejudice based on plaintiff's failure to exhaust
appropriate remedies.  Williams v. O'Brien, 792 F.2d 986, 987 (10th
Cir. 1986).

     In response, plaintiff filed a motion for reconsideration in
which he objects to the characterization of his complaint as
sounding in habeas corpus, and argues 42 U.S.C. § 1983 is the proper
action to challenge the constitutionality of the Kansas "parole
revocation procedure."  Plaintiff clarifies that he is not
challenging the validity of the Kansas parole violation warrant or

detainer, but instead seeks relief from alleged constitutional error by Kansas officials in allowing unexecuted parole violation warrants, including plaintiff's warrant, to be lodged as detainers that continue unresolved for years.

An attack on the constitutionality of parole procedures presents a cognizable claim under 42 U.S.C. § 1983. Herrera v. Harkins, 949 F.2d 1096 (10th Cir. 1991). However, to the extent plaintiff alleges constitutional defect in his individual parole proceeding and seeks an immediate revocation hearing under the circumstances of his particular case, habeas corpus remains the sole remedy on such a claim. Id.

Nonetheless, plaintiff clearly demands the court's consideration of the complaint as presented under 42 U.S.C. § 1983. Accordingly, the court grants plaintiff's motion for reconsideration, and enters the following findings and order.

*Motion for Leave to Proceed in Forma Pauperis*

The court sets aside its order granting plaintiff to proceed in forma pauperis on the complaint as construed as a habeas action, and considers plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act in April 1996. *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(Prison Litigation Reform Act does not encompass habeas actions or appeals therefrom).

Plaintiff is required to pay the full $250.00 district court filing fee to proceed in this non-habeas civil action. 28 U.S.C. § 1915(b)(1). If granted leave to proceed in forma pauperis,

plaintiff is entitled to pay this district court filing fee over time, through payment of the initial partial filing assessed by the court under 28 U.S.C. § 1915(b)(1), and thereafter through automatic payments from his inmate trust fund account as authorized under 28 U.S.C. § 1915(b)(2).

Having examined plaintiff's financial records for the six month period preceding his filing of the instant complaint, the court finds the average monthly deposit to plaintiff's account is $47.01 and the average monthly balance is $4.76.  The court therefore assesses an initial partial filing fee of $9.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

*Court Screening of the Complaint*

Additionally, because plaintiff is a prisoner and seeks redress from a governmental entity or officer thereof, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

In this case, plaintiff alleges constitutional error by Kansas Officials in allowing a detainer based on a Kansas parole violation warrant to remain unexecuted for the duration of plaintiff's service

3

of his federal sentence.[1]  However, the Supreme Court has recognized that a prisoner in a federal penitentiary who is subject to a parole violation detainer is not constitutionally entitled to a prompt parole revocation hearing.  *See* <u>Moody v. Daggett</u>, 429 U.S. 78 (1976)(prisoner incarcerated for another crime is not entitled to prompt parole revocation hearing).  Plaintiff's present federal confinement and loss of liberty result from his federal conviction, and not from the outstanding Kansas parole violation warrant.  No immediate hearing on the parole violation warrant is constitutionally required.  <u>Id</u>. at 87.  Accordingly, the court finds plaintiff's complaint is subject to being summarily dismissed because plaintiff's allegations state no cognizable constitutional claim upon which relief can be granted under § 1983.  *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).  *See also* 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

*Remaining Motions and Pleadings*

---

[1]The Kansas Parole Board released plaintiff on parole in May 1998.  Plaintiff was subsequently arrested and convicted on federal charges, and is currently serving his federal sentence.  The Kansas Department of Corrections issued a parole violation warrant which is lodged as a detainer against plaintiff.

Plaintiff's motion for reconsideration (Doc. 11) also included his notice of an interlocutory appeal from the non-final order entered on September 1, 2005.  The order entered herein may well have rendered that appeal moot.  The court enters no certification for a discretionary interlocutory appeal, 28 U.S.C. § 1292(b), and denies plaintiff leave to proceed in forma pauperis in the appeal.

Plaintiff's motion for service of summons and the complaint (Doc, 7) is denied without prejudice.  Plaintiff's motion for a ruling (Doc. 10) is denied as moot.

IT IS THEREFORE ORDERED that the court grants plaintiff's motion for reconsideration (Doc. 11), sets aside its construction of the complaint as filed under 28 U.S.C. § 2241, and sets aside the court order granting plaintiff leave to proceed in forma pauperis in the habeas action.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to submit an initial partial filing fee of $9.00.  Any objection to this initial partial filing fee assessed under 28 U.S.C. § 1915(b)(1) must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis in his interlocutory appeal (Doc. 14) is denied, that plaintiff's motion for service (Doc.  7) is denied without prejudice, and that plaintiff's motion for a ruling (Doc.

10) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 2nd day of May 2006 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge